UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MINNIE ALINE DONALD**                                                                              **PLAINTIFF**

v.                                                                      CIVIL ACTION NO. 5:22-CV-27-TBR

**CENTRUS ENERGY et al.**                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Minnie Allen Donald, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I.**

Before undertaking initial review of Plaintiff's complaint, the Court provided her 30 days in which to file an amended complaint (DN 10). That Order explained that the amended complaint would supersede, *i.e.*, replace, her original complaint (DN 1) and directed her to make clear what each Defendant did or did not do that are the reasons she is suing them. Because part of her complaint was on an employment discrimination complaint form, the Court also ordered her to explain in the amended complaint whether she has a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and if so, to attach a copy of it.

Plaintiff has now filed an amended complaint, along with over 130 pages of exhibits (DN 14). The amended complaint consists of three different complaint forms – two general complaint forms and an employment discrimination form. Plaintiff sues Defendants Centrus Energy, Metropolitan Life Insurance Co., the U.S. Department of Labor, the U.S.E.C. Workers

Compensation, and the Kentucky Workers Compensation Board. She does not indicate whether she is invoking diversity or federal-question jurisdiction.

The allegations are difficult to follow. Plaintiff alleges that Metropolitan Life Insurance "co-payed" her "6-months disability Dec. 14, 1995," and stopped her disability payments in April 1997. She then states:

> I hired Mark Edwards. He got it started back or reinstated 6-1-1997. August they cut me off again. Mark filed a claim in federal court. He had a deadline to file. Mark missed my court date. My case were dismissed because of him. He said he would refile. I kept waiting to no avail. He did not get back with me. David Hargrove sue Mark for missing my court date – not my disability. That's two more discrimination from both attorneys.

Plaintiff further alleges that she has proof of her disabilities and that there is "no time limit to reopen if you have new everdence, my everdence is nonstop." Plaintiff also states that Centrus Energy denied her state workers compensation.

The relief portion of the amended complaint is filled out as follows: "U.S. Dept. of Labor wrongfully denied my approved claims that's approved by my doctors. Please read my valuable info. You can decide it's a flawed hate crime—discrimination."

The portion of the amended complaint on the employment discrimination complaint form indicates that the discriminatory acts occurred in August 1998 and that she was discriminated against on the basis of race, color, and disability. She asserts that Metropolitan Life's actions were "fraudulent, oppressive, and malicious, and reckless in violation of KRS 367.170 and 367.220, the consumer protection act." She states that she filed a charge with the EEOC on August 1, 2022, and that the EEOC has not issued a right-to-sue letter.

The relief portion of the employment discrimination complaint form reiterates the requested relief set forth above and adds, "Deprivation of rights under color of law—just cause claus."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

### *A. Claims on general complaint forms*

Under Rule 8(a) of the Federal Rules of Civil Procedure, the complaint must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

 "[T]he Supreme Court and Sixth Circuit have found that complaints must contain more than conclusory allegations; they must provide sufficient factual content to put the defendant on notice as to the claims against them." *Grubbs v. Sheakley Group, Inc.*, No. 13-cv-246, 2014 WL 202041, at *6 (S.D. Ohio Jan. 17, 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013)); *see also*

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

The amended complaint does not place Defendants on notice as to the claims against them as required by Fed. R. Civ. P. 8(a). The claims filed on the general complaint forms will be dismissed for failure to meet Rule 8(a)'s pleading standard.[1]

### B. Employment discrimination claim

This portion of Plaintiff's amended complaint also fails to meet the pleading standard of Rule 8(a). It is not clear from the amended complaint which of the named Defendants was her employer. Nor does Plaintiff identify her race, color, or disability. Additionally, she does not identify discriminatory acts taken by her employer, but, if she did, according to the amended complaint they would appear to have taken place more than 20 years ago.

Additionally, before bringing an employment discrimination action under Title VII of the Civil Rights Act of 1964, a plaintiff must exhaust his or her administrative remedies with the EEOC. *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). "The proper exhaustion of administrative remedies gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court." *Id.* (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989) ("Only after . . . the plaintiff has obtained a 'right to sue' letter from the

---

[1] Nor is this Court required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam). To do so would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

EEOC, may he or she bring a Title VII action in court.")). Plaintiff states in the amended complaint that she does not have a right-to-sue letter.[2]

These claims also will be dismissed for failure to meet Rule 8(a)'s notice-pleading standard.

**III**.

For the foregoing reasons, the Court will by separate Order dismiss this action.

Date: August 23, 2022

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
4413.009

---

[2] Plaintiff also filed a pretrial brief that apparently was filed in a 2019 Kentucky workers compensation case as well as a complaint which appears to have been filed by her through counsel in a 1999 McCracken Circuit Court case with an attached handwritten note that states "A Right to Sue" (DN 15). Neither of these documents is an EEOC right-to-sue letter.